UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THONGKHOUN PHOMMAHA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-277-PPS-JEM |
| ST. JOSEPH COUNTY, | |
| Defendant. | |

OPINION AND ORDER

Thongkhoun Phommaha, a prisoner without a lawyer, filed a complaint alleging defamation. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Phommaha is currently at the St. Joseph County Jail awaiting trial in State Court on two charges of causing death when operating a motor vehicle with a Schedule I or Schedule II substance in his blood. *State v. Phommaha*, No. 71D03-2401-F4-000003 (St. Joseph Super. Ct. filed Jan. 9, 2024), available at mycase.in.gov. In this court, Phommaha sues St. Joseph County for defamation of character for announcing his arrest all over social media and the news, allegedly assassinating his character and

prejudicing him before his trial by jury. He attaches two news articles announcing the arrest and describing the charges and underlying events of the alleged crime. ECF 1-1 at 2-3. Phommaha contends this damage to his reputation has caused a loss of work; pain and suffering; mental, physical, and emotional distress; and a loss of future wages. He seeks money damages to compensate him for the time he has spent in jail.

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Assuming St. Joesph County is the proper defendant here, its actions would be under color of state law. However, Phommaha has not alleged the deprivation of a federal constitutional right. The Fourteenth Amendment's Due Process Clause protects him from the deprivation of liberty or property without due process. But in order to assert a protected liberty interest, Phommaha must identify more than harm to his reputation. *Paul v. Davis*, 424 U.S. 693, 712 (1976). ("[I]nterest in reputation . . . is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law."). Phommaha identifies no "stigmatic harm" that took "concrete forms and extend beyond mere reputational interests" as a result of the criminal charges being publicized. *Omosegbon v. Wells*, 335 F.3d 668, 675 (7th Cir. 2003); *see also Brown v. City of Michigan City, Indiana*, 462 F.3d 720, 730 (7th Cir. 2006) (cleaned up) ("[M]ere defamation by the government does not deprive a person of liberty protected by the Fourteenth Amendment, even when it causes serious impairment of one's future employment.").

Phommaha's detention is due to the arrest and pending charges, not due to the publicity surrounding those charges.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED:  June 18, 2024.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT